UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAWN VAN BALLEGOOYEN and JOHN ANDERSON, Personal Representatives of the Estate of BRADY FOLKENS;<br><br>Plaintiffs,<br><br>vs.<br><br>AARON BROWNSON, in his individual and official capacity; JEFF HAIAR, in his individual and official capacity; DANIEL MARTI, in his individual and official capacity; DENA HARROD, in her individual and official capacity; MS. SUWYN, in her individual and official capacity; MR. MIECKKOWSKI, in his individual and official capacity; NANCY FLEMING, in her individual and official capacity; JOHN WENTE, in his individual and official capacity; AARON RODGERS, in his individual and official capacity; STATE TREATMENT AND REHABILITATION ACADEMY, an agency of the State of South Dakota; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, an agency of the State of South Dakota; HEITH WADDELL, M.D., CUSTER REGIONAL HOSPITAL; and DOES 1-20, in their individual and official capacities,<br><br>Defendants. | 4:14-CV-04186-KES<br><br>MEMORANDUM OPINION AND ORDER |

1

Plaintiffs, Dawn Van Ballegooyen and John Anderson as personal representatives of the estate of Brady Folkens, sued defendants, alleging negligence and violation of Folkens' Eighth and Fourteenth Amendment rights. Defendants State Treatment and Rehabilitation Academy (STAR) and South Dakota Department of Corrections (DOC) move to dismiss themselves as defendants. Defendants Dr. Heith Waddell and Custer Regional Hospital (CRH) move to dismiss for failure to serve within 120 days. Plaintiffs oppose both motions.

For the following reasons, the court grants STAR and DOCs' motion to dismiss and denies Dr. Waddell and CRHs' motion to dismiss.

## BACKGROUND

The facts viewed in the light most favorable to the plaintiffs, the non-moving party, are as follows:

Plaintiff Dawn Van Ballegooyen, Personal Representative of the Estate of Brady Folkens, deceased, is a resident of Brookings, South Dakota. Docket 1 ¶ 1. Plaintiff John Anderson, co-Personal Representative of the Estate, is a resident of East Grand Forks, Minnesota. *Id.*

Defendant STAR is an agency of the State of South Dakota. *Id.* Defendant DOC is also an agency of the State of South Dakota. *Id.* Defendant CRH is a South Dakota corporation. Docket 1 ¶ 2. CRH provides youth at

STAR medical care subject to STAR and DOC oversight. Dr. Waddell is a doctor at CRH. *Id.*

On October 25, 2013, Folkens was admitted to STAR in the custody of DOC. Docket 1 ¶ 5. Folkens was a juvenile and incarcerated so he could not care for his own medical needs. Docket 1 ¶ 17. While at STAR, Folkens became ill. *Id.* at ¶ 6. On December 21, 2013, Dr. Waddell examined Folkens at CRH. *Id.* at ¶ 8. Folkens was transferred to Avera-McKennan Hospital in Sioux Falls instead of the nearby Rapid City Regional Hospital. Docket 1 ¶ 9. During the air ambulance ride to Sioux Falls, Folkens' condition deteriorated. *Id.* at ¶ 10. When he arrived in Sioux Falls, Folkens was in cardiopulmonary arrest. *Id.* He died less than two hours after his arrival in Sioux Falls. *Id.*

On February 25, 2013, plaintiffs filed notice of a claim with the South Dakota Attorney General, the Secretary of DOC, the Commission of Administration and STAR pursuant to SDCL §§ 3-21-2 and 3-21-3. Docket 1 ¶ 32.

On December 18, 2014, plaintiffs filed their complaint. Docket 1. Plaintiffs' counsel moved to withdraw on March 4, 2015. Docket 4. The court directed plaintiffs' counsel to serve notice on plaintiffs advising them of their intention to withdraw and set a deadline of March 25, 2015, to find new counsel. Docket 5. On March 23, 2015, plaintiffs filed notice that they were

continuing pro se until they obtained substitute counsel. Docket 7. Plaintiffs requested an extension of time to obtain new counsel. *Id.* The court granted the request and set a new deadline of May 26, 2015, to obtain new counsel. Docket 8. Plaintiffs requested three more extensions for additional time to find counsel. Docket 9; Docket 11; Docket 13. Each time the court granted the request, allowed 120 more days to find counsel, and warned plaintiffs that Rule 4(m) required them to serve the defendants within 120 days of filing the complaint. Docket 10; Docket 12; Docket 14. Plaintiffs served the summons on May 17, 2016. Docket 22.

Defendants STAR and DOC move to dismiss the action against them as parties. Docket 25. After plaintiffs filed a response opposing the motion, they asked for an additional 30 days to file a supplemental response. The court granted this request on August 29, 2016. Docket 46. No additional response was filed by September 29, 2016. Defendants CRH and Dr. Waddell move to dismiss all claims for failure to serve them with the summons and complaint within 120 days. Docket 29. Plaintiffs responded 31 days after the motion was filed and now move the court to enlarge the time to respond to the motion to dismiss. Docket 42.

## DISCUSSION

I. **Defendants STAR and DOC**

The local rules require a party to specify "the Federal Rule of Civil

Procedure on the basis of which the motion is made." D.S.D. LR 7.1B. In their motion, defendants do not specify under which rule their motion is made, stating only that "this Court lacks jurisdiction over them pursuant to the [Eleventh] Amendment of the United States Constitution." Docket 25. Eleventh Amendment immunity may be asserted as a Rule 12(b)(6) motion or Rule 12(b)(1) motion. *E.g.*, *Lutgen v. S.D. Dep't of Soc. Servs.*, No. CIV. 12-4030-KES, 2012 WL 4499139, at *1 (D.S.D. Sept. 28, 2012). Because STAR and DOC challenge jurisdiction, this court will treat the motion as though made under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) provides that the court may dismiss an action for lack of subject matter jurisdiction. Rule 12(b)(1) "is rooted in the unique nature of the jurisdictional question." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990) (quotation omitted). The Court of Appeals for the Eighth Circuit has drawn a distinction between facial and factual 12(b)(1) motions, explaining the applicable standard in each instance. *See id.* at 728–30. This challenge is facial as neither party alleges facts outside the pleadings. "A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics*, Inc., 323 F.3d 695, 698 (8th Cir.2003).

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion to dismiss, the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content in the complaint must "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### A. 42 U.S.C. § 1983

An action is barred by the Eleventh Amendment if the state has not consented to suit because its immunity has not been abrogated by Congress. *See Quern v. Jordan,* 440 U.S. 332 (1979) (holding the passage of the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, did not abrogate immunity under the Eleventh Amendment). Eleventh Amendment immunity also extends to state agencies. *Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir.1996). The Eleventh Amendment immunizes from suit a "state agency

or official if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.' " *Id.* (quoting *Pennhurst State Sch. & Hosp v. Halderman,* 465 U.S. 89, 123 n.34 (1984)). The critical inquiry is whether the suit is essentially a suit against the state and whether a judgment against the agency will come out of state funds. *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442 (8th Cir.1995) (internal quotations omitted).

STAR and DOC are state agencies that can claim Eleventh Amendment immunity. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir.1997) (Eleventh Amendment bars § 1983 claims against State and its agencies); *Doss v. Dep't of Corr.,* No. CIV. 08-4026-KES, 2008 WL 4335585, at *2 (D.S.D. Sept. 17, 2008); *Davis v. S.D. Dep't of Corr.,* No. CIV. 05-4016, 2005 WL 1593050, at *2 (D.S.D. June 30, 2005) ("The South Dakota Department of Corrections . . . is not a proper party to a § 1983 action."). If a judgment were rendered against STAR and DOC, the judgment would in effect be against the state because the funds to pay the judgment would come from the state treasury. Thus, the Eleventh Amendment bars Folkens's claim for money damages. Moreover, neither a state agency nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents,* 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *Accord McLean v. Gordon,* 548 F.3d 613, 618 (8th Cir. 2008)

(reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Thus, Folkens's claims against STAR and DOC for money damages are dismissed.

**B.     Negligence**

The South Dakota Supreme Court held that the legislature "has the power to define the circumstances under which a remedy is legally cognizable and those under which it is not." *Hancock v. W. S.D. Juvenile Servs. Ctr.,* 647 N.W.2d 722, 725 (S.D. 2002). The State is immune from suits in state court unless the legislature has "consented to the particular suit alleged." *Kruger v. Wilson*, 325 N.W.2d 851, 852 (S.D. 1982). Even if South Dakota has waived its immunity, a "State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 136 (1984). A State's consent to suit must be "unequivocally expressed." *Id.*

Here, plaintiffs allege that SDCL § 21-32-16 constitutes a waiver of sovereign immunity. SDCL § 21-32-16 waives the "common law doctrine of sovereign immunity," but a similar waiver in federal court cannot be inferred. *S.D. Bd. of Regents v. Hoops*, 624 F. Supp. 1179, 1184 (D.S.D. 1986) ("Although SDCL § 21–32–16 . . . confers a waiver of 'the common law doctrine of sovereign immunity' to the extent of insurance coverage, this court declines to infer such a waiver in federal court since the concepts of sovereign immunity

and the eleventh amendment are not synonymous."). DOC and STAR rely on Eleventh Amendment immunity, not common law sovereign immunity. There is no clear expression in SDCL § 21-32-16 of a waiver of Eleventh Amendment immunity. Thus, there is no waiver and DOC and STAR are immune from suit in federal court.

II. **Defendants CRH and Dr. Waddell**

Plaintiffs' response to the motion to dismiss that was filed by CRH and Dr. Waddell was 10 days late under the Rules of Civil Procedure. Plaintiffs move this court to extend their filing deadline by 10 days because the delay was inadvertent and harmless. Because plaintiffs have shown excusable neglect, the motion is granted.

Defendants CRH and Dr. Waddell argue that plaintiffs' complaint should be dismissed because plaintiffs did not serve defendants within the 120 days prescribed in Rule 4(m). Docket 30 at 8. At the time the complaint was filed, Rule 4(m) provided that:

> if a defendant is not served within [120] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This means that if the court finds there is good cause for plaintiffs' failure to serve defendants, the court "*shall* extend the time for

9

service." *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996). If no good cause is shown, "the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id.* (citing *Espinoza v. United States*, 52F.3d 838, 841 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).

### A. Good Cause

Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. *Kurka*, 628 F.3d at 957 (citation omitted). Generally, good cause is likely to be found when "[1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Id.* (citation omitted). A plaintiffs' status as a pro se litigant, however, does not equate to good cause. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("pro se litigants are not excused from compliance with substantive and procedural law.").

Here plaintiffs were not only proceeding pro se, but were also struggling to find an attorney to represent them. Docket 37-1 at 4. Since October 2014,

plaintiffs worked with Grace Bauer-Lubow, Executive Director of Justice for Families, to find an attorney. *Id.* at 4-5. The joint effort had been largely unsuccessful. Defendants argue plaintiffs should have completed service despite not having counsel. But even if plaintiffs had served defendants while proceeding pro se, plaintiffs would then have had to conduct discovery, prepare for litigation, and respond to pretrial motions all without the assistance of counsel—arguably putting them in a more difficult situation than they are in now. Based on plaintiffs' pro se status and their inability to find counsel, this court finds there is a sufficient basis to show good cause for plaintiffs' failure to serve defendants.

### B.    Excusable Neglect

Even if plaintiffs had failed to show good cause for their failure to serve defendants, plaintiffs could still receive a discretionary extension of time by showing excusable neglect. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). Excusable neglect is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka*, 628 F.3d at 959 (internal quotation omitted) (citation omitted). When determining whether neglect is excusable, there are four important factors: "(1) the possibility of prejudice to

the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." *Id.* The court evaluates the totality of the circumstances when determining excusable neglect. *Id.*

First, "because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant." *Kurka*, 628 F.3d at 959. Here, dismissal would implicate the statute of repose for plaintiffs' Emergency Medical Treatment and Labor Act (EMTALA) and SDCL § 15-2-14.1 claims and bar them. The commentary to Rule 4(m), in the 1993 amendments, states the court may grant relief "if the applicable statute of limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4(m). Although defendants would have benefitted from being served process within the 120-day time frame, the harm to plaintiffs is greater than the prejudice to defendants because a refusal to grant plaintiffs an extension of time would completely bar plaintiffs from pursing their claims. Based on these circumstances, this factor weighs in favor of the plaintiffs.

Second, the length of the delay and its impact on judicial proceedings is substantial. Over 500 days passed between the time the complaint was filed and when it was served on defendants. Courts have found much shorter delays inexcusable. *E.g., Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (one day); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985) (170 days); *Rice v. Univ. of N.D. Sch. of Med. & Health Scis.*, No. CIV. 2:07-CV-11, 2008 WL 5145482, at *4 (D.N.D. Dec. 8, 2008) (nine months). This factor favors defendants.

The third factor is the reason for delay. As explained above, plaintiffs were not only proceeding pro se, but they were also in the difficult position of being unable to find an attorney. Plaintiffs continually looked for someone to represent them. Even if plaintiffs, in their pro se capacity, would have served defendants within the 120-day deadline, plaintiffs then would have had to conduct discovery, respond to motions, and prepare for trial without the benefit of counsel. Because plaintiffs continued to look for counsel and believed they needed counsel to move forward with their cause-of-action, this court finds that this factor weighs in favor of plaintiffs.

Fourth, the court finds no evidence of a lack of good faith. The diligence of plaintiffs in requesting additional time to find counsel suggests a good-faith effort to comply with procedural requirements. The lack of service does not

13

appear to be a litigation strategy carried out by pro se plaintiffs. This factor favors plaintiffs. Based on all of the factors, this court finds that plaintiffs have shown good cause and excusable neglect for why they did not serve defendants within 120 days. Thus, defendants CRH's and Dr. Waddell's motion to dismiss is denied.

## CONCLUSION

Thus, it is

ORDERED that Defendants DOC's and STAR's Motion to Dismiss (Docket 25) is granted.

IT IS FURTHER ORDERED that plaintiffs' Motion for Enlargement of Time and To File Supplemental Responses to Defendants' Motion to Dismiss (Docket 42) is granted.

IT IS FURTHER ORDERED that Defendants CRH's and Dr. Waddell's Motion to Dismiss (Docket 29) is denied.

Dated September 30, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE